UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ESENGUL MOMOL,**

    **Plaintiff,**

v.                                                         CASE NO.:

**UNIVERSITY OF FLORIDA,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ESENGUL MOMOL, by and through undersigned counsel, brings this action against Defendant, UNIVERSITY OF FLORIDA, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 2601 *et seq.,* and 42 U.S.C. § 12101 *et seq.*

3. Venue is proper in the Northern District of Florida, because all of the events giving rise to these claims occurred in Alachua County, Florida.

## PARTIES

4. Plaintiff is a resident of Alachua County, Florida, and she worked in Alachua County for Defendant.

5. Defendant operates a public university in Alachua County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant when Defendant interfered with Plaintiff's rights under the FMLA, discriminated against Plaintiff based on her disability, denied her a reasonable accommodation, and retaliated against Plaintiff for attempting to exercise her rights under the FMLA, ADA, and FCRA.

7. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

12. Plaintiff has satisfied all conditions precedent, or they have been waived.

13. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

14. Plaintiff requests a jury trial for all issues so triable.

## FACTS

15. Plaintiff began working for Defendant on or around June 23, 2008.

16. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

17. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition

that substantially limited his ability to perform one or more major life activities.

18. Specifically, Plaintiff suffered from severe anxiety, fatigue, and heart palpitations.

19. Plaintiff continues to suffer from the aforementioned physical or mental condition.

20. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

21. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and FCRA.

22. On or around February 28, 2023, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

23. On or around February 28, 2023, Plaintiff engaged in protected activity under the ADA and FCRA by requesting a reasonable accommodation of a short and defined leave of absence until March 8. 2023.

24. Plaintiff provided Defendant with medical documentation to support her request for a medical leave of absence.

25. At first, Defendant approved Plaintiff's request for this leave of absence and Plaintiff began the leave.

26. On March 7, 2023, Plaintiff's doctor briefly extended the leave of absence until April 8, 2023.

27. Plaintiff could perform the essential functions of her job and would have simply required this reasonable accommodation of an additional brief extension of her medical leave of absence.

28. In or around early-mid March, 203, Plaintiff requested from Defendant this reasonable accommodation of a leave of absence until April 8, 2023.

29. However, Defendant denied this request for a leave of absence until April 8, 2023.

30. Further, Defendant entirely failed to engage in an interactive process regarding a reasonable accommodation.

31. Instead, on or around March 17, 2023, Defendant terminated Plaintiff's employment, based on her disability and in retaliation for Plaintiff engaging in protected activity under the ADA, FCRA, and FMLA.

32. Plaintiff exercised her rights under the FMLA by applying for and attempting to utilize FMLA leave.

33. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA, as well as the ADA and FCRA.

## COUNT I – FMLA INTERFERENCE

34. Plaintiff realleges and readopts the allegations of paragraphs 6 through 9, 12 through 18, 22, 26, 28 through 29, and 31 through 33 of this Complaint, as fully set forth herein.

35. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

36. By terminating Plaintiff's employment, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

> (a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;
>
> (b) An injunction restraining continued violation of the FMLA by Defendant;
>
> (c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

39. Plaintiff realleges and readopts the allegations set forth in paragraphs 6 through 9, 12 through 18, 22, 26, 28 through 29, and 31 through 33 of this Complaint, as fully set forth herein.

40. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

41. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

42. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant ;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. §

2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

45. Plaintiff realleges and readopts the allegations of paragraphs 6, 10 through 15, 17 through 21, 23 through 31, and 33 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under the ADA.

47. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

48. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, subsequently denied

Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant, and then terminated Plaintiff' employment.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter an injunction restraining continued violation of the ADA;

(d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

(e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT IV—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

51. Plaintiff realleges and readopts the allegations of paragraphs 6, 10 through 15, 17 through 21, 23 through 31, and 33 of this Complaint, as though fully set forth herein.

52. Plaintiff is disabled, or was perceived by Defendant as being disabled.

53. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant.

54. Defendant's actions were willful and done with malice.

55. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT V – ADA RETALIATION

56. Plaintiff realleges and readopts the allegations of paragraphs 6, 10 through 15, 17 through 21, 23 through 31, and 33 of this Complaint, as though fully set forth herein.

57. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

58. Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation.

59. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's denial of Plaintiff's reasonable accommodation request.

60. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

61. Defendant's actions were willful and done with malice.

62. The adverse employment action that Defendant took against Plaintiff was material.

63. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) That this Court enter an injunction restraining continued violation of the ADA;

(e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

(k)  All costs and attorney's fees incurred in prosecuting these claims; and

(l)  For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

64. Plaintiff realleges and readopts the allegations of paragraphs 6, 10 through 15, 17 through 21, 23 through 31, and 33 of this Complaint, as though fully set forth herein.

65. Plaintiff is a member of a protected class under the FCRA.

66. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

67. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant, and then terminated Plaintiff' employment.

68. Defendant's actions were willful and done with malice.

69. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT VII—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

70.   Plaintiff realleges and readopts the allegations of paragraphs 6, 10 through 15, 17 through 21, 23 through 31, and 33 of this Complaint, as though fully set forth herein.

71. Plaintiff has a handicap or was perceived by Defendant as having a handicap.

72. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant.

73. Defendant's actions were willful and done with malice.

74. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA RETALIATION

75. Plaintiff realleges and readopts the allegations paragraphs 6, 10 through 15, 17 through 21, 23 through 31, and 33 of this Complaint, as though fully set forth herein.

76. Plaintiff is a member of a protected class under the FCRA.

77. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

78. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's denial of Plaintiff's reasonable accommodation request.

79. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

80. Specifically, Defendant failed or refused to engage in an interactive discussion regarding accommodations, denied Plaintiff a reasonable accommodation and, subsequently, terminated Plaintiff's employment with Defendant.

81. Defendant's actions were willful and done with malice.

82. Defendant took material adverse action against Plaintiff.

83. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of August, 2024.

                Respectfully submitted,

                */s/Brandon J. Hill*
                **BRANDON J. HILL**
                Florida Bar Number: 0037061
                Direct Dial: 813-337-7992
                **HANNAH E. DEBELLA**
                Florida Bar Number: 1026002
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Facsimile: 813-229-8712
                Email: bhill@wfclaw.com
                Email: hdebella@wfclaw.com
                Email: aketelsen@wfclaw.com
                **Counsel for Plaintiff**